IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MICHAEL RAY JOHNSON, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | 1:15-cv-1273 (LMB) |
| ) | |
| ERIC WILSON, ) | |
| ) | |
| Respondent. ) | |

MEMORANDUM OPINION

Before the Court is Michael Ray Johnson's ("Johnson" or "petitioner") Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("petition") [Dkt. No. 1], Oct. 2, 2015. In his petition Johnson argues that his designation as an armed career criminal, which resulted in the fifteen year mandatory minimum term of imprisonment being imposed, violates the Supreme Court's recent holding in Johnson v. United States, 135 S. Ct. 2551 (2015). In its opposition, the government argues that the Court lacks jurisdiction to consider this petition because its claims are not cognizable under § 2241. See Response to Petition for Writ of Habeas Corpus [Dkt. No. 7], Jan. 15, 2016 ("Gov. Resp.").[1] Johnson has filed a reply in support of his petition. Opp'n to Response [Dkt. No. 9], Feb. 2, 2016 ("Reply"). For the reasons that follow, the petition will be dismissesd.

I. BACKGROUND

Johnson was indicted in the Eastern District of North Carolina on September 22, 2010 on one count of Distribution of a Quantity of Cocaine in violation of 21 U.S.C. § 841(a)(1) and one

---

[1] Johnson has filed a motion, erroneously claiming that the government did not oppose his petition. See Motion for an Order Authorizing Mr. Johnson's Immediate Release from Prison [Dkt. No. 8], Jan. 28, 2016 ("Motion for an Order"). That motion will be denied as moot.

count of Possession of a Firearm by a Felon in violation of 18 U.S.C. § 922(g)(1). Petition at 3; see also Gov. Resp. at 2. He pleaded guilty to both counts on March 1, 2010. Gov. Resp. at 2. A federal public defender was appointed to represent him throughout his criminal case. Petition at 4.

On November 8, 2011, Johnson was sentenced. Id. During sentencing, the court relied upon three prior convictions to designate Johnson an armed career criminal pursuant to 18 U.S.C. § 924(e)(1) ("ACCA")[2]; all of petitioner's prior convictions were for serious drug offenses: a state conviction from March 1990 for manufacturing cocaine and two state convictions for possessing cocaine with the intent to sell and for selling and delivering cocaine from February 1992 and March 1993.[3] Gov. Resp. at 2 (citing United States v. Johnson, No. 2:10-cr-47, Dkt. No. 71 (E.D.N.C. Jan. 9, 2013)). Johnson was sentenced to the mandatory minimum under the ACCA of 180 months of incarceration for the possession of a firearm count and a concurrent term of 168 months of incarceration for the distribution count. Petition at 4; Gov. Resp. at 2.

On appeal, Johnson raised numerous challenges to his conviction and sentence, including

---

[2] According to the pertinent section of the Armed Career Criminal Act,

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

18 U.S.C. § 924(e)(1).

[3] Johnson claims in his petition that he was only convicted of two serious drug offenses; however, the record demonstrates that this is a mischaracterization. See Petition at 18-19; Gov. Resp. at 4, n.2.

2

an argument that the prior convictions relied upon by the trial court did not qualify as ACCA predicate convictions. In rejecting this argument, the Fourth Circuit explained, "Johnson's three prior North Carolina drug convictions qualify as 'serious drug offenses' under § 924 because, at the time of the convictions, each offense was punishable by a maximum of ten years' imprisonment. Johnson's argument is thus without merit." United States v. Johnson, 490 F. App'x 566, 567 (4th Cir. 2012).

After losing his direct appeal, Johnson filed his first motion under 28 U.S.C. § 2255. United States v. Johnson, No. 2:10-cr-47, Dkt. No. 66 (E.D.N.C. Oct. 25, 2012)). In his § 2255 motion, Johnson made the same argument about his prior offenses under the ACCA that he raised on direct appeal, as well as an ineffective assistance of counsel argument. Id. at 5-6. The Eastern District of North Carolina summarily rejected both arguments, dismissed the motion, and denied granting a certificate of appealability. United States v. Johnson, No. 2:10-cr-47, Dkt. No. 75 (E.D.N.C. Apr. 23, 2013)). Johnson did not appeal that decision.

## II. DISCUSSION

In his §2241 petition, Johnson raises two arguments. First, he contends that he should not have been designated an armed career criminal in light of Johnson.[4] Second, he repeats the argument raised in his direct appeal, that his prior convictions were insufficient predicates under the ACCA. Petition at 8. In response, the government argues that because Johnson is unable to show that § 2255 would be "inadequate or ineffective" for his claims, the Court accordingly

---

[4] Even if the Court had jurisdiction to entertain the petition on the merits, the claims are not a meritorious attack on Johnson's sentence. The Supreme Court in Johnson v. United States deemed the residual clause of the ACCA, § 924(e)(2)(B), unconstitutional. 135 S. Ct. at 2563. In contrast, Johnson was deemed an armed career criminal under the "serious drug offense" clause, § 924(e)(2)(A). Accordingly, the holding in Johnson has no effect on either his designation as an armed career criminal or the sentencing enhancement he received because of that status.

lacks jurisdiction to consider the petition under § 2241. Gov. Resp. at 4.

### A. Standard of Review

A motion pursuant to 28 U.S.C. § 2255 provides the primary means of collateral attack on the imposition of a federal conviction and sentence. Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) ("[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their conviction and sentences through § 2255."). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") restricts the jurisdiction of the district courts to hear second or successive applications for § 2255 federal habeas corpus relief by establishing a "gatekeeping mechanism." Felker v. Turpin, 518 U.S. 651, 657 (1996). Under that gatekeeping mechanism, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

A federal inmate may not proceed under 28 U.S.C. § 2241 unless he demonstrates that the remedy afforded by § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255 (e).[5] For example, "attacks on the execution of a sentence are properly raised in a § 2241 petition." In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). Nonetheless—and of particular importance here—the Fourth Circuit has emphasized that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." Id. (internal citations omitted). As such, a federal inmate may proceed under § 2241 to challenge his conviction or sentence "in only very limited circumstances." United States

---

[5] "This 'inadequate and ineffective' exception is known as 'the savings clause' to [the'] limitations imposed by § 2255." Wilson v. Wilson, No. 1:11-cv-645, 2012 WL 1245671 at *3 (E.D. Va. Apr. 12, 2012) (quoting In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000)).

v. Poole, 531 F.3d 263, 269 (4th Cir. 2008).

The Fourth Circuit has announced a three-part test to determine whether a petition challenging the lawfulness of a conviction or sentence can be brought under § 2241:

> Section 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). This test was formulated expressly to provide a remedy for the "fundamental defect presented by a situation in which an individual is incarcerated for conduct that is not criminal but, through no fault of his own, he has no source of redress." Id. at 333 n.3.

### B. Cognizability of Petitioner's Claims Under § 2241

The Court lacks jurisdiction to rule on Johnson's petition because neither of his claims is cognizable under § 2241. First, Johnson cannot satisfy the Jones criteria on his first claim—that his prior convictions were not adequate predicate offenses under the ACCA—because he cannot show that the substantive law has changed such that the conduct that gave rise to his conviction in this case is no longer deemed criminal. Indeed, petitioner makes no claim that he is actually innocent of the crimes that led to his conviction and sentence; rather, he argues that the sentence imposed on him is invalid because changes in the law have disqualified use of those prior convictions as a basis to enhance his sentence under the ACCA. In addition, Johnson cannot satisfy the Jones requirements for his second claim—that he should not have been designated an armed career criminal in light of Johnson—because § 2255 is adequate to address a new rule of

5

constitutional law such as the one announced by the Supreme Court in Johnson.

Fourth Circuit precedent teaches without exception that the savings clause only preserves claims of actual innocence of a conviction; it does not extend to claims of innocence of a sentencing factor. United States v. Poole, 531 F.3d 263, 267 (4th Cir. 2008) ("Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence."). Furthermore, as the government underscores in its opposition, § 2255 is adequate to address petitioner's second claim because Johnson announces a new rule of constitutional law. In Teague v. Lane, the Supreme Court explained that a case announces a new rule of constitutional law "if the result was not dictated by precedent existing at the time the defendant's conviction became final." 489 U.S. 288, 301 (1989). The Supreme Court's holding in Johnson that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process" overruled long-standing precedent that held to the contrary. Johnson, 135 S. Ct. at 2563. As the Tenth Circuit has reasoned, "[t]he Court [in Johnson] thus applied a constitutional principle in a decision that was contrary to, rather than dictated by, its own precedent." In re Gieswein, 802 F.3d 1143, 1146 (10th Cir. 2015). Therefore, because Johnson announces a new rule of constitutional law, the petitioner cannot demonstrate that his claims under this new rule of constitutional law meet the requirement that § 2255 is "inadequate or ineffective" under Jones.

Accordingly, because Johnson's claims falls outside the § 2255 savings clause, he may not proceed under § 2241, and the instant petition must be construed as a successive motion for relief under § 2255. As such, it may not be brought unless certified as provided in 28 U.S.C. § 2244 by a panel of the Fourth Circuit Court of Appeals. Because no such certification has been granted, this petition must be dismissed, without prejudice to petitioner's ability to apply to the

Fourth Circuit for the required certification to file a second or successive motion under § 2255. Petitioner is advised that if such certification is granted, venue for his motion would lie in the sentencing court, the United States District Court for the Eastern District of North Carolina.[6]

For the reasons stated above, Johnson's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 [Dkt. No. 1] will be dismissed without prejudice by an appropriate Order to be issued with this Memorandum Opinion.

Entered this 5th day of February, 2016.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge

---

[6] Although an application for § 2241 habeas corpus relief should be filed in the district where the petitioner is confined, a motion to vacate under § 2255 must be filed with the sentencing court. In re Vial, 115 F.3d at 1194.